UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CHESTER HARRIS,

    Plaintiff,

                              CASE NO. 15-12058
v.                            HONORABLE ARTHUR J. TARNOW

MICHIGAN PAROLE BOARD,

    Defendant.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

**I. Introduction**

Plaintiff Ronald Chester Harris, a state prisoner at Baraga Correctional Facility in Baraga, Michigan, recently filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The defendant is the Michigan Parole Board.

Plaintiff alleges in his complaint that he is serving an Oakland County sentence for one and a half to twenty years and that he has served his minimum sentence. He claims that he is entitled to release on parole because (1) this is the first time the Michigan Department of Corrections has had custody of him, (2) his parole guideline score was favorable, (3) he has incurred no prison misconduct charges, and (4) he has completed all the tasks required of him by the Department of Corrections. Plaintiff asserts that the Parole Board is withholding parole under the guise that he failed to complete a program,

which, in Plaintiff's opinion, is unnecessary. Plaintiff seeks $500,000.00 in damages and "judicial review of the Parole Board[']s failure to act within a timely fashion." Compl. at 3.

## II. Analysis

### A. Legal Framework

Due to Plaintiff's indigence, the Court has granted him permission to proceed without prepayment of the fees and costs for this action. When screening a prisoner's complaint, a federal district court

> must examine both [28 U.S.C.] § 1915(e)(2) and [28 U.S.C.] § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. §§ 1915(e)(2), 1915A.

*Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Application

#### 1. Eleventh Amendment Immunity

The only defendant in this case is the Michigan Parole Board, which "is an entity within the [Michigan Department of Corrections], *see* Mich. Comp. Laws § 791.231a, and the [Michigan Department of Corrections] is, in turn, an administrative agency within the executive branch of Michigan's government. *See* Mich. Const. 1963, art. 5, § 2; *In re Parole of Bivings*, 242 Mich. App. 363; 619 N.W.2d 163, 167–68 (Mich. Ct. App. 2000)." *Fleming v. Martin*, 24 F. App'x 258, 259 (6th Cir. 2001). As a state entity, "the Parole Board is immune from suit under the Eleventh Amendment." *Id.*; *see also Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 492 (6th Cir. 2004) (stating that the plaintiff's claims against the Parole Board and Michigan Department of Corrections were barred by the Eleventh Amendment).

As explained more fully by the Sixth Circuit Court of Appeals in a published opinion:

> "There can be no doubt . . . that suit against [a] State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has

3

> consented to the filing of such a suit," *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978), or unless Congress has expressly abrogated Eleventh Amendment immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). It is well established that § 1983 does not abrogate the Eleventh Amendment, *see Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), and that Michigan has not consented to the filing of civil rights suits against it in federal court. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). We have consistently held that neither MDOC nor the parole board is a "person" that may be sued for money damages under § 1983. *See, e.g., Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013) (finding MDOC immune from suit on Eleventh Amendment grounds); *Carson v. Mich. Parole Bd.*, 852 F.2d 1287 (6th Cir. 1988) (table) (finding the Michigan Parole Board immune from suit under § 1983 on Eleventh Amendment grounds).

*Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1023 (2014).

Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (internal and end citations omitted). And, to the extent Plaintiff is attempting to sue individual members of the Parole Board, he fares no better, because " 'parole board members are absolutely immune from liability for their conduct in individual parole decisions when they are exercising their decision making powers.' " *Horton v. Martin*, 137 F. App'x 773, 775 (6th Cir. 2005) (quoting *Walter v. Torres*, 917 F.2d 1379, 1384 (5th Cir. 1990)).

## 2. The Request for Judicial Review

The Court understands Plaintiff's request for "judicial review of the Parole Board[']s failure to act within a timely fashion," Compl. at 3, to mean that he wants the Court to review the Parole Board's decision not to release him on parole after the completion of his minimum sentence. When, as here, "a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Thus, Plaintiff's challenge to his imprisonment is "cognizable only in federal habeas corpus, with its attendant requirement of exhaustion of state remedies." *Id*. at 499 n.14. And,

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote omitted)(emphasis in original). *Heck* and progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- "*if* success in that

> action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that the Parole Board's action was invalidated by state or federal officials, and success in this action would necessarily demonstrate the invalidity of Plaintiff's continued confinement. Therefore, Plaintiff's challenge to the duration of his imprisonment is not cognizable in this civil rights action.

### III. Conclusion

Plaintiff's complaint is frivolous because it lacks an arguable basis in law. The complaint also fails to state a claim for which relief may be granted, and it seeks monetary relief from an entity that is immune from such relief. The Court therefore summarily dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The Court certifies that an appeal from this order could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 8, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 8, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant